ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| JOSÉ D. SANTIAGO TORRES<br><br>Apelante<br><br>v.<br><br>YAUCO HEALTHCARE CORPORATION Y OTROS<br><br>Apelados | KLAN202400447 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: SJ2019CV11673<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 10 de mayo de 2024.

El señor José D. Santiago Torres (apelante o señor Santiago Torres) nos solicita que revisemos una Sentencia Parcial que emitió el Tribunal de Primera Instancia, Sala de Ponce, el 11 de abril de 2024. Mediante referida decisión el foro primario desestimó la demanda incoada contra Liberty Mutual Insurance Company.

Por los fundamentos que se exponen a continuación, desestimamos el presente recurso por falta de jurisdicción.

## I.

Procedemos a reseñar el tracto procesal según narrado en el recurso, los documentos unidos a este y el expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B.

El 7 de noviembre de 2019 el señor Santiago Torres, por derecho propio, presentó una Demanda de daños y perjuicios,

contra la Aseguradora de Responsabilidad Pública de Yauco Healthcare Corporation, Yauco Healthcare Corporation, el Hospital de Damas de Ponce y otros.[1]

Tras varios años, el 18 de septiembre de 2023, la parte demandante presentó una Demanda Enmendada para acumular a Liberty Mutual Insurance Company (Liberty Mutual) como alegada aseguradora del Hospital Damas. Ese mismo día, el Tribunal autorizó la enmienda a la demanda y expidió el emplazamiento dirigido a Liberty Mutual.[2]

Luego de ser emplazada, el 8 de enero de 2024 Liberty Mutual presentó una Moción de Desestimación por prescripción.[3] El 10 de enero el señor Santiago Torres se opuso.[4] El 12 de febrero el señor Santiago Torres presentó una *Moción Adicional a Oposición a Moción de Desestimación presentada por la demandada Liberty*.[5]

Entre tanto, el 7 de abril de 2024, el foro primario emitió una Resolución para culminar la autorrepresentación del señor Santiago Torres y le concedió un término para comparecer con abogado.[6]

En cuanto a la Moción de Desestimación por prescripción que presentó Liberty Mutual, el 11 de abril de 2024, el foro primario dictó una Sentencia Parcial mediante la cual la declaró *Ha Lugar* y en su consecuencia desestimó la acción contra esa parte.

El 15 de abril, notificada el 19 de abril de 2024 el foro primario señaló una vista para el 3 de junio de 2024 a los fines de

---

[1] El Sr. Santiago Torres no incluyó como parte del apéndice la copia de la demanda incoada, no obstante, la revisamos en SUMAC, entrada 1.
[2] Apéndice 1, Sentencia Parcial, pág. 4.
[3] Apéndice 2, págs. 15-22.
[4] Apéndice 3, págs. 23-24.
[5] Apéndice 5, págs. 26-27.
[6] Apéndice 4, pág. 25.

discutir la representación legal de la parte demandante. El 17 de abril, el foro primario transfirió la vista para el 28 de agosto de 2024.[7]

Ese mismo día 19 de abril de 2024 el señor Santiago presentó una *Moción de Reconsideración de Sentencia Parcial del 11 de abril de 2024*. Alegó que no se le notificaron los emplazamientos para ser diligenciados. También solicitó que se evaluara la determinación de suspensión de postular por derecho propio.[8]

En respuesta a la Moción de Reconsideración, el 22 de abril de 2024 el Tribunal emitió una Orden en la que dispuso lo siguiente: "La parte debe cumplir con la Regla 9.4 de Procedimiento Civil, se le ha ordenado que tiene que contratar un abogado para que se continúen los procedimientos."[9]

Aun en desacuerdo, el 23 de abril de 2024, el señor Torres Santiago volvió a presentar una *Moción de Reconsideración de Sentencia Parcial del 11 de abril de 2024*. En esta plasmó similares argumentos a la moción de reconsideración que había presentado el 19 de abril.[10]

En respuesta a esa Solicitud de Reconsideración, el 30 de abril, notificada el 7 de mayo de 2024, el TPI emitió otra Orden en la que determinó que, "el 3 de junio de 2024, la parte demandante debe comparecer con representación legal".[11]

Entretanto, 6 de mayo el señor Santiago Torres había presentado un recurso de Apelación sobre la Sentencia Parcial emitida el 11 de abril de 2024.

---

[7] SUMAC, entradas 190 y 192.
[8] SUMAC, entrada 189.
[9] SUMAC, entrada 197.
[10] El Sr. Santiago Torres no incluyó esta moción como parte del apéndice, no obstante, la revisamos en SUMAC, entrada 199.
[11] SUMAC, entrada 201.

Evaluado el recurso, procede desestimarlo por prematuro. Veamos.

## II.

## A.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias con efecto vinculante para las partes. MCS Advantage, Inc. v. Fossas Blanco, et al., 211 DPR 135 (2023); Adm. Terrenos v. Ponce Bayland, 207 DPR 586, 600 (2021); Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 385-386 (2020); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020).

Se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019). Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 233–234 (2014). Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1, 22 (2011); Souffront v. A.A.A., 164 DPR 663, 674 (2005). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la

controversia. <u>Torres Alvarado v. Madera Atiles</u>, *supra*; <u>Ruiz Camilo v. Trafon Group, Inc.</u>, *supra*; <u>Mun. de San Sebastián v. QMC Telecom</u>, 190 DPR 652, 660 (2014).

**B.**

La Regla 52.2 (a) de las de Procedimiento Civil de Puerto Rico indica que los recursos de apelación para revisar sentencias deberán ser presentados dentro del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V. Este término de treinta (30) días se puede interrumpir, según lo indica la Regla 52.2 (e) de Procedimiento Civil, por la oportuna presentación de una moción de reconsideración a tenor con la Regla 47 de Procedimiento Civil. *Íd*. En ese tenor, la Regla 47, en lo aquí pertinente indica:

[……..]

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

Una vez presentada la moción de reconsideración quedaran interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzaran a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

Como principio general del derecho, los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o motu proprio, mientras conserven jurisdicción sobre los casos. <u>Báez Figueroa v. Adm. Corrección</u>, 209 DPR 288, 302 (2022); <u>Pueblo v. Silva Colón</u>, 184 DPR 759 (2012).

Así pues, la Regla 47 es una herramienta que permite que el foro adjudicativo enmiende o corrija los errores incurridos al

dictar una sentencia, resolución u orden, la presentación de la moción de reconsideración repercute en la interrupción automática del término para invocar el socorro de un foro revisor. Simons y otros v. Leaf Pretroleum, 209 DPR 216, 224 (2022). Salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamente su planteamiento, será suficiente para cumplir con la Regla 47. Id, pág. 225. El plazo para acudir en alzada vuelve a transcurrir una vez se archive en autos copia de la notificación de la resolución que resolvió la moción de reconsideración. Id.

### C.

Conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 883 (2007). Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. S.L.G. Szendrey-Ramos v. F. Castillo, supra; Juliá et al. v. Epifanio Vidal, S.E., 153 DPR 357, 366 (2001).

La Regla 83(C) de nuestro Reglamento, 4 LPRA Ap. XXII, nos faculta también para desestimar un recurso de apelación o denegar un auto discrecional, entre otras razones, cuando carecemos de jurisdicción.

### III.

Según el trasfondo procesal aquí narrado, el señor Santiago Torres acudió a nuestro foro el 6 de mayo de 2024, para que revisemos la sentencia parcial emitida por el TPI el 11 de abril de

2024.  Previo a ello, el señor Santiago Torres había solicitado Reconsideración en dos ocasiones, los días 19 y 23 de abril de 2024.  Al contestar ambas solicitudes de reconsideración, el foro primario le requirió al señor Santiago Torres que cumpliera con la decisión previa de comparecer con abogado.

Como vemos, el Tribunal no ha contestado si concede o no la reconsideración solicitada. Este trámite tiene el efecto de interrumpir el término para solicitar revisión del dictamen que se cuestiona.  Así que, hasta tanto no culmine el procedimiento ante el TPI, no comienza a transcurrir el término para acudir a este foro intermedio.  Consecuentemente, el recurso que presentó el señor Santiago Torres el 6 de mayo de 2024 resulta prematuro.

**IV.**

Por los fundamentos aquí expresados, se DESESTIMA la apelación, conforme nos faculta la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones